

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 2 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

KRISTA ANDERSON,
    Plaintiff,

v.

CASE NO.: 4:16CV310-DPM

LISLE RUTLEDGE P.A.
    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Krista Anderson ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Lisle Rutledge P.A. ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

4. Plaintiff is a natural person, who at all relevant times resided in Pulaski County, Arkansas.

5. Defendant is an Arkansas corporation with its principal office in Springdale, Arkansas.

This case assigned to District Judge Marshall
and to Magistrate Judge Harris

1

6.  Defendant may be served through Donnie Rutledge, at 1458 Plaza Place, Suite 101, Springdale, AR 72764, or wherever he may be found.

## FACTUAL ALLEGATIONS

7.  Plaintiff is allegedly obligated on a medical account owed to Arkansas Center for Physical Medicine and Rehabilitation ("account"). The account was used for personal medical purposes and not business or commercial purposes in any way. The account originated with an entity other than Defendants and went into default prior to Defendant's attempts to collect on the account.

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.  The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In approximately April 2012, Plaintiff began visiting Arkansas Center for Physical Medicine and Rehabilitation for chiropractic treatment for bodily injuries sustained in a motor vehicle accident.

13. Plaintiff's last treatment was on October 8, 2013.

14. Plaintiff's medical insurance provider paid a significant portion of the bills incurred at Arkansas Center for Physical Medicine and Rehabilitation.

15. The last payment Arkansas Center for Physical Medicine and Rehabilitation received on from any source on Plaintiff's account was on October 25, 2013.

16. The statute of limitation in Arkansas for medical services performed or provided by a physician or other medical service provider is two (2) years from the date the services

2

were performed or provided or from the date of the most recent partial payment for
the services, whichever is later.  (Ark. Code Ann. § 16-56-106(b))

17. On or about December 28, 2015 – more than two years after Arkansas Center for
    Physical Medicine and Rehabilitation received its last partial payment on Plaintiff's
    account and more than two years after Arkansas Center for Physical Medicine and
    Rehabilitation provided any services to Plaintiff – Defendant and/or representative(s),
    employee(s) and/or agent(s) of Defendant caused a letter to be mailed to Plaintiff to
    collect the account.  See attached Exhibit A.

18. Attached Exhibit A is incorporated by reference as if set forth herein word for word.

19. The attached letter specifically threatened that if the account was not resolved it
    would be litigated.

20. The language used in the attached letter would cause the least sophisticated consumer
    to believe that a lawsuit would immanently be filed if the account was not resolved.

21. At the time Defendant made these threats, Defendant had no intention of suing
    Plaintiff on the account because the statute of limitation had expired on the account.

22. Defendant purposefully, knowingly and/or willfully used the language contained in
    attached Exhibit A for the purpose of causing the reader to believe that a lawsuit
    would be filed.

23. The statements made to Plaintiff by Defendant as described above were false,
    deceptive and misleading.

24. Defendant's purpose for the communication with Plaintiff described above was to
    attempt to collect the account.

3

25. The letter described above and attached as Exhibit A conveyed information regarding the account directly to Plaintiff.

26. The letter described above and attached as Exhibit A constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant mailed correspondence to Plaintiff was to attempt to collect the Account.

28. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY LISLE RUTLEDGE P.A.

29. The previous paragraphs are incorporated into this Count as if set forth in full.

30. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(2) and §1692e(2)&(5)&(8).

31. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ICS.

## JURY TRIAL DEMAND

32. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff against Defendant and grant the following:

     a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

     b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

4

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d. Such other relief as the court may find reasonable.

Respectfully submitted,

THE WOOD FIRM, PLLC

Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd. Suite 140-208
Little Rock, AR 72223
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@mmlaw.pro
Attorney for Plaintiff



# LISLE|RUTLEDGE

### ATTORNEYS

| | | |
|---|---|---|
| John Lisle *(of counsel)* | 1458 Plaza Place, Suite 103 | James K. Hatcher |
| Donnie Rutledge | P.O. Box 7977 | Gino Franco |
| Stephen Lisle | Springdale, AR  72766-7977 | Mona J. Teague |
| | P 479 750.4444 | Jason Boyeskie |
| | F 479.872.2122 | |
| | www.lislerutledge.com | |

EXHIBIT A

December 28, 2015

Krista Anderson
56 Oakbrooke Dr.
Sherwood, AR 72120

Re:    Arkansas Physical Medicine and Rehabilitation
       636 W. Broadway
       North Little Rock, AR 72114

Dear Ms. Anderson:                                          **BALANCE DUE: $6,534.98**

Our office represents Arkansas Physical Medicine and Rehabilitation.  According to the information provided by our client, there is a balance due in the amount shown above for medical services provided.  I am writing you this letter to remind you of your obligation so that you will not incur further expenses if this matter must be litigated.

I hope your failure to pay this amount was simply an oversight on your part.  Further delays in payment may result in additional expenses for which you may be responsible.  I have enclosed an account statement, as well as a Notice required by the Fair Debt Collection Practices Act.

You have thirty days from the date you receive this letter to have the delinquent amount paid in full.  Please make your payments directly to Arkansas Physical Medicine and Rehabilitation at the address shown above.  Per your contract with our client, interest can be charged on your account balance, but it has not been applied at this time.  Failure to make arrangements to pay on this balance will result in interest being applied to your balance and, if it must be litigated, court costs and attorney's fees may also be included to greatly increase the balance owed.

If you have filed for bankruptcy, please disregard the payment demand and treat this letter as a demand for documentation of your bankruptcy petition including the date of filing and case number.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR IN AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,

LISLE RUTLEDGE P.A.

Jason Boyeskie
Attorney at Law

Enclosures: FDCPA Notice, Statement of Account

cc:    Client  (via email)                                Intake No.: 185343